```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Michael R. Peters,            :

        Plaintiff,            :

    v.                        :      Case No.  2:13-cv-767

Credit Protection Association :      JUDGE ALGENON L. MARBLEY
LP,                                  Magistrate Judge Kemp

        Defendant.            :
```

## OPINION AND ORDER

This matter is before the Court on plaintiff Michael R. Peters' second motion to strike. Defendant Credit Protection Association LP has responded and the motion has been fully briefed. For the following reasons, the motion to strike will be denied.

### I. Background

This is a putative class action filed under the Telephone Consumer Protection Act and the FCC rules promulgated under that Act. Mr. Peters alleges that CPA, a debt collector, violated the law by making artificial voice or prerecorded voice calls to him, and others similarly situated, without obtaining prior express consent. Previously, Mr. Peters filed a motion to strike affirmative defenses set forth in CPA's original answer to the complaint. In its pretrial order issued December 4, 2013, the Court granted CPA leave to file an amended answer and mooted the motion to strike. On December 5, 2013, CPA filed an amended answer. On December 26, 2013, Mr. Peters filed a second motion to strike.

### II. The Motion to Strike

Mr. Peters' motion to strike under Fed.R.Civ.P. 12(f) is directed to the third and fourth affirmative defenses set forth in the amended answer. These defenses state as follows:

### THIRD AFFIRMATIVE DEFENSE

### (Equitable Defense)

3. As a separate affirmative defense, Plaintiff's Complaint, and each cause of action alleged therein is barred by doctrines of estoppel, waiver, unclean hands, and other equitable doctrines. Upon information and belief, Plaintiff's equitable claims are barred by his own action or inaction and his own conduct or misconduct.

### FOURTH AFFIRMATIVE DEFENSE

### (Additional Defenses Unique to Putative Class)

4. Defendant states that additional affirmative defenses may exist as to individual class members in the event a class is certified, such as consent, the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, estoppel, and other individual defenses not presently known. Defendant respectfully reserves the right to amend its Affirmative Defenses to address those potential defenses.

According to Mr. Peters, the equitable defenses of estoppel, waiver and unclean hands must be stricken because they fail to meet the pleading standard applicable to a motion under Federal Rule of Civil Procedure 12(b)(6) as that standard is set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Those cases held that "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 570. Mr. Peters argues that courts have applied this standard to affirmative defenses and asserts that under this standard, the affirmative defenses asserted by CPA are "only [] threadbare labels ... all

-2-

unsupported by a single operative fact." <u>See</u> Second Motion to Strike (Doc. 18), p. 5.  Mr. Peters makes the same argument with respect to the affirmative defense of "other equitable doctrines" and further argues that this particular defense is legally insufficient.  Finally, Mr. Peters contends that the fourth affirmative defense is legally insufficient because it is nothing but an attempt to reserve a right to amend.  Mr. Peters requests that all of these defenses be stricken with prejudice.

In response, CPA asserts that the legal standard Mr. Peters is advocating is more stringent than required by the Federal Rules of Civil Procedure.  CPA explains, citing <u>Montgomery v. Wyeth</u>, 580 F.3d 455 (6th Cir. 2009), that the Court of Appeals for the Sixth Circuit has endorsed a more lenient standard with respect to pleading affirmative defenses.  That is, CPA contends that a simple statement which puts the plaintiff on notice of the affirmative defense is sufficient.  Further, CPA notes that granting a motion to strike is within the Court' discretion and that such motions generally are not favored.

In reply, Mr. Peters asserts that CPA's violation of <u>Twombly</u> and <u>Iqbal</u> is evidenced by its continued failure to set forth operative facts in support of its affirmative defenses.  To the extent that CPA argues that allowing its affirmative defenses to stand in their current form will not result in harm to Mr. Peters, he contends that if the defenses are harmless, CPA should withdraw them.  At the same time, Mr. Peters argues that he will be harmed if the defenses are not stricken because he will be forced to engage in potentially costly discovery.

### III.  <u>Legal Standard</u>

Fed.R.Civ.P. 12(f) provides that a court, on its own or upon motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  As the Court of Appeals has recognized, "the action of striking a

pleading should be sparingly used by the courts" and should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy."  Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953); see also Morrow v. South, 540 F.Supp. 1104, 1111 (S.D. Ohio 1982) ("Motions under Rule 12(f) are not favored, and should not be granted unless it is apparent that the matter has no possible relation to the controversy."); United States v. Firestone Tire & Rubber Co., 374 F.Supp. 431, 434 (N.D.Ohio 1974).

Further, as this Court has stated, "a motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." United States v. Pretty Prod., Inc., 780 F.Supp. 1488, 1498 (S.D. Ohio 1991).  At the same time, motions to strike "'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.'"  Id., quoting United States v. Marisol, Inc., 725 F.Supp. 833, 836 (M.D. Pa. 1989).

### IV.  Analysis

Mr. Peters contends that the Court is required to apply the pleading standard set forth in Twombly and Iqbal to the affirmative defenses asserted by CPA in this case.  As explained below, the Court does not agree that such a heightened pleading standard applies. While the Court acknowledges that some courts in this Circuit have applied such a standard to affirmative defenses, others have not.  See, e.g., HCRI TRS Acquirer, LLC v. Iwer, 708 F.Supp.2d 687, 691 (N.D. Ohio 2010)(finding that the pleading standard applies to the pleading of affirmative defenses); Joe Hand Promotions, Inc. v. Havens, 2013 WL 3876176, *2 (S.D. Ohio July 26, 2013)(King, M.J.) ("Plaintiff has not

-4-

persuaded this Court that a heightened pleading standard applies to the assertion of affirmative defenses").

Further, the Court of Appeals has not expressly held that a heightened pleading standard applies to affirmative defenses. Shreve v. Franklin County, Ohio, 2012 WL 1580936, *1 (S.D. Ohio May 4, 2012). This has been interpreted by district courts to mean that "the Sixth Circuit does not require that affirmative defenses show that the pleader is entitled to relief." Chiancone v. City of Akron, 2011 WL 4436587, *3 (N.D. Ohio Sept. 23, 2011). This understanding is consistent with other Court of Appeals holdings. For example, in Montgomery v. Wyeth, 580 F.3d 455, 468 (6th Cir. 2009), the court held that "[t]he Federal Rules of Civil Procedure do not require a heightened pleading standard for a statute of repose defense." Further, "'[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.'" Lawrence v. Chabot, 182 Fed.Appx. 442, 456 (6th Cir. 2006), quoting 5 Wright & Miller, Federal Practice and Procedure § 1274); see also Davis v. Sun Oil Co., 148 F.3d 606, 612 (6th Cir. 1998) (finding that a defense alleging that "Plaintiffs' claims are barred by the doctrine of res judicata " adequately put plaintiffs on notice).

This understanding also is consistent with the language of Rule 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." However, Rule 8(c)(1) requires only that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense ...." As numerous courts have recognized, Twombly's analysis was limited to complaints and Rule 8(a)(2). See, e.g., Petroci v. Transworld Systems, Inc., 2012 WL 5464597, *2 (W.D.N.Y. Oct. 19, 2012) affirmed 2012 WL 5464579 (W.D.N.Y. Nov. 8, 2012) ("Both Twombly and Iqbal focused on the language of

Rule 8(a)(2)."); <u>Paleteria La Michoacana v. Productos Lacteos</u>, 905 F.Supp.2d 189, 191 (D.D.C. 2012) ("<u>Iqbal</u> and <u>Twombly</u> interpreted Rule 8(a)(2) which sets forth the pleading requirements for a complaint."); <u>Cottle v. Falcon Holdings Management, LLC</u>, 2012 WL 266968, *2 (N.D. Ind. Jan. 30, 2012) ("...the language relied on by the Supreme Court in <u>Twombly</u> and <u>Iqbal</u> ... Fed.R.Civ.P. 8(a) ... is not contained in Rules 8(b) or (c)."); <u>Bennett v. Sprint Nextl Corp.</u>, 2011 WL 4553055, *1 (D. Kan. Sept. 29, 2011)( "... in light of the difference between the applicable provisions and the fact that the Supreme court relied upon Rule 8(a)'s showing ... when formulating its plausibility standard, the Court finds that Rule 8's language militates against the application of the new pleading standard to answers").

    Here, although CPA's equitable defenses lack factual detail, they do provide Mr. Peters fair notice of the nature of CPA's defense.  <u>See</u> <u>Lawrence</u>, 182 Fed.Appx. 442, at 456; <u>Montgomery</u>, 580 F.3d at 468.  Consequently, these defenses, set forth in CPA's third affirmative defense, will not be stricken on grounds that they have not met the pleading standards of <u>Twombly</u> and <u>Iqbal</u>.

    Likewise the Court will not strike the affirmative defense of "other equitable defenses" or the fourth affirmative defense which Mr. Peters argues is nothing more than an attempt to reserve the right to amend.  The Court views these asserted defenses similarly.  In both instances, CPA will be constrained by the limits of Rule 15 and this Court's scheduling order and cannot bestow upon itself any greater rights by setting forth such assertions in the form of affirmative defenses.  Other courts have accepted such reservations.  <u>See</u>, e.g., <u>Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.</u>, 2011 WL 4729807, *5 (M.D. Tenn. Oct. 7, 2011)("Because Defendant retains

-6-

the right to amend its Answer under Rule 15(a), and because district courts have found that a reservation of this right via an affirmative defense is appropriate, the Court denies Plaintiffs' motion to strike...."); Bartram, LLC v. Landmark American Ins. Co., 2010 WL 4736830, *7 (N.D. Fla. Nov. 16, 2010) ("Although the language of the reservation is imprecise, the Court denies Plaintiff's motion to strike the reservation of right to add affirmative defenses because Defendant does retain the right to seek leave of Court to amend Defendant's pleading"); Centex Homes v. Mr. Stucco, Inc., 2008 WL 793587, *2 (M.D. Fla. March 25, 2008) ("Defendant's motion to strike the reservation is unnecessary and serves only to waste this Court's limited resources").  Consequently, the Court will not grant the motion to strike as it relates to these affirmative defenses.

Finally, the Court notes that it is not persuaded that Mr. Peters will be faced with a significant discovery burden if the motion to strike is not granted.  As noted by the court in Bennett, 2011 WL 4553055, *2 fn. 13, "... the fear that allowing frivolous defenses to remain in the answer will exact a measurable cost is greatly exaggerated. ... typically, no discovery will take place on baseless defenses because it will be readily apparent which affirmative defenses are not viable, and the parties will act accordingly."  See also Wells Fargo & Co. v. U.S., 750 F.Supp.2d 1049, 1052 (D. Minn. 2010) ("In a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them.  No judicial intervention is necessary").  Consequently, the motion to strike will not be granted on this ground.

## V.  Order

For the reasons stated above, the second motion to strike (Doc. 18) is DENIED.

## APPEAL PROCEDURE

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge