```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Michael R. Peters,              :

      Plaintiff,            :

    v.                         :   Case No.  2:13-cv-767

Credit Protection Association : JUDGE ALGENON L. MARBLEY
LP,                               Magistrate Judge Kemp

      Defendant.            :

## OPINION AND ORDER

This matter is before the Court on plaintiff Michael R. Peters' motion to compel discovery.  (Doc. 37).  Also before the Court is defendant Credit Protection Association L.P.'s cross-motion to stay discovery.  (Doc. 40).  For the following reasons, the motion to compel will be granted, and the cross-motion to stay discovery will be denied.

### I.  Background

This is a putative class action filed under the Telephone Consumer Protection Act ("TCPA") and the FCC rules promulgated under that Act.  Mr. Peters alleges that Credit Protection Association LP ("CPA"), a debt collector, violated the law by making artificial voice or prerecorded voice calls to him, and others similarly situated, without obtaining prior express consent.  On September 5, 2014, Mr. Peters filed the instant motion to compel discovery.  In the motion, Mr. Peters moves the Court to compel responses to the following discovery requests:

    Interrogatory No. 1(A):
    "For all telephone calls DEFENDANT CPA[1] made, using an
    AUTODIALER, to an OHIO NUMBER previously obtained by
    DEFENDANT CPA from a source other than from (A) the

---

[1] "Terms appearing in all capital letters were defined in the First Set.  Freytag Decl., ¶2 and Exhibit A." (footnote in original).

>    PERSON whose OHIO NUMBER DEFENDANT CPA called or (B) that
>    PERSON's creditor or alleged creditor:
>
>    A.    IDENTIFY (by name, address, and OHIO NUMBER) each
>          PERSON whose OHIO NUMBER DEFENDANT CPA called;"
>
> Interrogatory No. 4(A):
> "For all telephone calls DEFENDANT CPA made to an OHIO NUMBER previously obtained by DEFENDANT CPA from a source other than from (A) the PERSON whose OHIO NUMBER DEFENDANT CPA called or (B) the PERSON's creditor or alleged creditor during which telephone calls DEFENDANT CPA used an ARTIFICIAL OR PRERECORDED VOICE:
>
>    A.    IDENTIFY (by name, address, and OHIO NUMBER) each
>          PERSON whose OHIO NUMBER DEFENDANT CPA called;"
>
> Request For Production No. 1(1):
> "For all telephone calls DEFENDANT CPA made, using an AUTODIALER, to an OHIO NUMBER previously obtained by DEFENDANT CPA from a source other than from (A) the PERSON whose OHIO NUMBER DEFENDANT CPA called or (B) that PERSON's creditor or alleged creditor, produce all DOCUMENTS EVIDENCING (1) the name, address, and/or OHIO NUMBER of each PERSON whose OHIO NUMBER DEFENDANT CPA called;"
>
> Request For Production No. 6(1):
> "For all telephone calls DEFENDANT CPA made to an OHIO NUMBER previously obtained by DEFENDANT CPA from a source other than from (A) the PERSON whose OHIO NUMBER DEFENDANT CPA called or (B) that PERSON's creditor or alleged creditor during which telephone calls DEFENDANT CPA used an ARTIFICIAL OR PRERECORDED VOICE, produce all DOCUMENTS EVIDENCING (1) the name, address, and/or OHIO NUMBER of each PERSON whose OHIO NUMBER DEFENDANT CPA called;

(Doc. 37 at 11-12).  Mr. Peters argues that the information requested is both relevant and discoverable.

CPA filed an opposition to the motion to compel, arguing that Mr. Peters is not entitled to this information for several reasons.  First, CPA argues that because there is no longer a case or controversy, it is not proper to seek discovery.  In making this argument, CPA relies upon its pending motion for

entry of judgment and to dismiss as moot.  (Doc. 36).  In that motion, CPA argues:

> Although Peters' complaint is titled "Class Action Complaint" and includes class allegations, Peters has to date filed no motion to certify a class.  Because CPA has made an offer of judgment that provides Peters every form of individual relief he seeks in his complaint, Peters' claims are now moot and his complaint does not present a case or controversy within the meaning of Article III of the United States Constitution.

Id. at 1.  CPA also argues that because Mr. Peters no longer has standing to pursue this litigation, his attorneys are improperly using the discovery process to find a new client.  (Doc. 40 at 3).  Next, CPA argues that Mr. Peters has failed to articulate why the discovery is needed to sustain his burden under Fed. R. Civ. P. 23.  According to CPA, factual challenges to Mr. Peters' discovery request arise because the putative class consists of individuals who never had accounts with CPA, but who were nevertheless contacted by it.  Thus, CPA maintains that "the names and addresses on CPA's accounts are necessarily names and addresses of people who have nothing to do with this case and have no knowledge of the calls made to other people CPA was purportedly calling in error."  Id. at 8.  For these reasons, CPA asserts that the motion to compel must be denied.  Alternatively, CPA argues that the motion should be briefed and decided after the Court's ruling on the motion to dismiss.

    Mr. Peters filed a reply brief in support of his motion to compel, which, inter alia, accuses CPA of "wield[ing] a revisionary pen over the class definition" for "obviously partisan purposes."  (Doc. 42 at 6).  Mr. Peters clarifies that the class definition proposed in the complaint is as follows:

> All persons whose Ohio-area code (i.e., 216, 234, 330, 419, 440, 513, 567, 614, 740, 927) cellular telephone number was called for a non-emergency debt collection purpose by Defendant Credit Protection Association, L.P.

>    using of an automatic telephone dialing system, an
>    artificial voice, and/or a prerecorded voice (all as
>    defined in the Telephone Consumer Protection Act) at any
>    time commencing four years prior to the date of the
>    filing of this action through the date of class
>    certification in this action where the person had not
>    previously given Defendant Credit Protection Association,
>    L.P. express consent to use such an automatic telephone
>    dialing system, an artificial voice, and/or a prerecorded
>    voice to make the call; but excluding Defendant CPA's
>    agents and employees, the Judge and Magistrate Judge to
>    whom this action is assigned, and any member of such
>    Judge's and Magistrate Judge's immediate family or office
>    staff ("Class").

(Doc. 2 at ¶34). Mr. Peters maintains that the discovery at issue tracks the class definition in the complaint and thus seeks names and contact information for individuals called by CPA, without regard to whether those individuals have accounts with CPA. Finally, Mr. Peters urges the Court to deny CPA's request for a stay, asserting that the "Court already has effectively stayed most discovery" and the request "makes no sense where the issues are now fully briefed and where Defendant CPA already occasioned enough delay dating back to January 2014." (Doc. 42 at 10).

## II. Discussion

Because a stay of discovery would effectively moot the motion to compel, the Court will first address the motion to stay. After doing so, the Court addresses the motion to compel.

### A. The Motion to Stay

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. Chrysler Corp. v. Fedders Corp.. 643 F.2d 1229 (6th Cir. 1981). In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. Additionally, the Court is required to take into

account any societal interests which are implicated by either proceeding or postponing discovery.  <u>Marrese v. American Academy of Orthopaedic Surgeons</u>, 706 F.2d 1488, 1493 (7th Cir. 1983).  When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery.  <u>Id</u>.

However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6) or motion for judgment on the pleadings.  As one court has observed,

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion.  Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, <u>cf. Blue Chip Stamps v. Manor Drug Stores</u>, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

<u>Gray v. First Winthrop Corp.</u>, 133 F.R.D. 39, 40 (N.D. Cal. 1990). <u>See also Turner Broadcasting System, Inc. v. Tracinda Corp.</u>, 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery....").  Thus, unless the motion raises an issue

-5-

such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety dispositive motion.

When applying these principles, the occasions when this Magistrate Judge has granted such a stay are few and far between. When the Court has ordered a stay, the circumstances generally indicated that some preliminary evaluation had been made of the plaintiff's claims and they had been found wanting, and that any stay would be short. See, e.g., Carter v. Wilkinson, 2009 WL 81217 (S.D. Ohio Jan. 9, 2009)(stay ordered where Magistrate Judge had already issued a report and recommendation on the dispositive motion and recommended dismissal of the claims against 25 defendants); Miller v. Countrywide Home Loans, 2010 WL 2246310 (S.D. Ohio June 4, 2010) (stay ordered where many of the plaintiff's claims had been decided against him in another court and where the potential for burdensome discovery was great).

Despite the fact that stays of discovery during the pendency of dispositive motions are rarely granted, the Court does consider each such motion on its individual merits.  As the Court noted in Heartland Jockey Club Ltd. v. Penn National Gaming, Inc., 2009 WL 5171829, *4 (S.D. Ohio Dec. 21, 2009),
> This Court takes seriously its obligation to manage discovery and recognizes that there are cases where the plaintiff's claim is so tenuous, and the potential injury to either private or societal interests from unfettered discovery is so great, that the Court must limit or preclude discovery in order to strike the proper balance between the competing interests involved.

The circumstances present in this case do not appear to be such that the discovery should limited or precluded in order to strike the proper balance between the competing interests involved.

The District Judge assigned to this matter will rule on the

motion to dismiss, and this Opinion and Order will not attempt to predict what that ruling might be.  Because the cross-motion to stay does not raise an issue such as immunity from suit, nor is it patent that the case lacks merit and will almost certainly be dismissed, a stay is unwarranted in these circumstances. Consequently, CPA's cross-motion to stay discovery will be denied.  (Doc. 40).

### B. The Motion to Compel

Prior to discussing the merits of the motion to compel, the Court notes that S.D. Ohio Civ. R. 37.1, which supplements the procedures mandated by Fed. R. Civ. P. 37, provides that discovery-related motions shall not be filed unless all extrajudicial means to resolve the differences have been exhausted.  Once such extrajudicial means are exhausted, a party may then seek an informal telephone conference with the Court. See Watson v. Citi Corp., 2008 WL 3890034, at *2 (S.D. Ohio Aug. 19, 2008).  If, after the informal telephone conference, the dispute remains unresolved, the party seeking the discovery may then file a motion to compel pursuant to Fed. R. Civ. P. 37(a). See S.D. Ohio Civ. R. 37.2.  The motion to compel shall be accompanied by a supporting memorandum and a certification informing the Court of the extrajudicial means that have been attempted to resolve the dispute.  See id.

Here, Mr. Peters contends that he has made a good faith effort to resolve the discovery dispute without judicial intervention and CPA "has stubbornly refused to honor its discovery obligations...." (Doc. 37 at 3).  In support of the motion, Mr. Peters filed the declaration of his attorney, Daniel R. Freytag, which outlines the efforts undertaken to obtain the requested discovery.  (Doc. 38).  CPA disputes that "the parties have discussed these issues in good faith to the extent this motion seeks the production of account information for thousands

-7-

of accounts, especially the production of ESI." (Doc. 40 at 5). CPA states:

> CPA's counsel remains willing to discuss those matters, but the parties have not to CPA's counsel's knowledge ever discussed matters related to ESI. The challenges presented by ESI discovery, especially where, as here, there are personal identifiers for thousands of persons not even aware of this lawsuit, are enormous with potentially far reaching consequences. Furthermore, to the extent that the plaintiff is able to articulate a reasonable need for any individual account information, the parties should in good faith discuss the possibility of a sampling to address Plaintiff's needs and protect the interests of those not a party to this lawsuit.

Id. In reply, Mr. Peters characterizes CPA's position as a "strawman" based on the fact that the:

> Motion does not seek access to individual account information. The opening sentence in Plaintiff Peters' argument references 'the names and contact information of putative absent class members.' Furthermore, Interrogatory Nos. 1(A) and 4(A) and Request for Production Nos. 1(1) and 6(1) only seek names, addresses, and OHIO NUMBERs. This is precisely the information Defendant CPA has flatly refused to produce.

(Doc. 42 at 9)(internal citations omitted). Moreover, Mr. Peters contends that, at the August 14, 2014 status conference in this matter, defense counsel agreed that "a discovery impasse existed over this identification and contact information." Id.

Despite CPA's arguments to the contrary, the Court finds that Mr. Peters' efforts constitute an attempt to resolve the discovery dispute through extrajudicial means in compliance with S.D. Ohio Civ. R. 37.1. Indeed, consistent with Mr. Peters' representation, counsel for both parties have discussed the requested discovery during a status conference with this Court. Because this dispute remains unresolved at this juncture, the Court will consider the motion to compel on its merits.

In this case, the Court has, in its discretion, chosen to

allow a limited amount of pre-certification discovery. Consequently, Mr. Peters has been permitted to use the pre-certification discovery process to discover facts which pertain to the prerequisites set forth in Rule 23(a), which include numerosity, commonality, typicality, adequacy of representation and counsel, and the requirements in Rule 23(b)(3), which are the superiority of the class device and predominance of common issues.  See Young v. Nationwide Mut. Ins. Co., 693 F.3d 532 (6th Cir. 2012)(examining the prerequisites in Rule 23(a) and the requirements in Rule 23(b)(3)).  The general principals of discovery apply to pre-certification discovery.

Under Fed. R. Civ. P. 26(b)(1), any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered. "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26.  On the other hand, courts have discretion to limit or even preclude discovery which meets the general standard of relevance found in Fed. R. Civ. P. 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery in resolving the issues, the importance of issues at stake in the litigation, the amount in controversy, and the parties' resources.  See Fed. R. Civ. P. 26(b)(2).

As the movant, Mr. Peters bears the initial burden of demonstrating that the information he seeks is relevant. See Guinn v. Mount Carmel Health Sys., 2010 WL 2927254, *5 (S.D. Ohio July 23, 2010), quoting Clumm v. Manes, Case No. 2:08-cv-567 (S.D. Ohio May 27, 2010) (King, J.); see also Berryman v. Supervalu Holdings, Inc., 2008 WL 4934007 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has

-9-

been challenged the burden is on the requester to show the relevance of the requested information.") (internal citation omitted). If the Court finds that the information requested appears to be relevant, CPA, as the party resisting production, bears the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of disclosure is outweighed by the potential for undue burden or harm. See Vickers v. General Motors Corp., 2008 WL 4600997, *2 (W.D. Tenn. September 29, 2008).

Here, the information sought consists of the names and contact information of putative class members. Mr. Peters argues that the:

> potential class members have discoverable knowledge regarding several disputed issues: (1) Defendant CPA's use of a predictive dialer (they would have experienced the telltale pause upon answering while the call was being transferred to a live debt collector), (2) Defendant CPA's use of an artificial or prerecorded voice (they would have heard it upon answering and/or upon replaying any voicemail left for them), and (3) damages (the number of violations committed against them).

(Doc. 37 at 12). Mr. Peters also urges that the names and contact information are relevant to typicality under Fed. R. Civ. P. 23. In support of this position, Mr. Peters relies upon Kane v. National Action Finance Services, Inc., 2012 WL 1658643 (E.D. Mich. May 11, 2012), a decision which found that names and contact information of putative class members are relevant and, therefore, discoverable.

In Kane v. National Action Finance Services, Inc., 2012 WL 1658643 (E.D. Mich. May 11, 2012), plaintiff Michael Kane brought a putative class action against defendant National Action Finance Services, Inc. ("NAFS") alleging, inter alia, that NAFS violated the TCPA when it "called [his] cell phone 'several hundred' times in an attempt to contact the unrelated Ms. Seana Barlett to collect a debt she owned to Blockbuster Video." Id. at *1. In

-10-

ruling on Mr. Kane's motion to compel, the Court ordered NAFS to "disclose the names, addresses, and telephone numbers" requested in the plaintiff's interrogatories on the grounds that such information was "relevant to the class action claims ... to determine those other individuals whom NAFS may have contacted improperly" and because "such disclosure is a common in the class action context."  Id. at *7, citing Artis v. Deere & Co., 276 F.R.D. 348, 351 (N.D. Cal. 2011).

In addition to Kane, Mr. Peters relies on other cases outside of the Sixth Circuit to support the conclusion that the names and contact information of putative class members are relevant and discoverable.  See Doc. 37 at 13-14, citing Paulino v. Dollar General Corp., 2013 WL 2444700, *3 (N.D. W. Va. June 5, 2013) (finding names and addresses of putative class members were subject to disclosure because "the analysis of whether Plaintiff's claims are typical of those of putative class members is largely fact-driven" and because "contact information is necessary for Plaintiff to meet the commonality requirement"); Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 813-14 (C.D. Cal 2007)(recognizing that although "courts throughout the country have come out on both sides of this issue," but finding that "on balance, this information should be provided"); Khalilpour v. CELLCO Partnership, 2010 WL 1267749, at *2 (N.D. Cal. Apr. 1, 2010)(finding that name and contact information should be provided so that "Plaintiff can contact these individuals to ascertain whether common questions of law exist, and evaluate the typicality of claims between the Plaintiff and other claimants").

In opposition, CPA argues that using the "names and addresses on CPA's accounts" will not lead to the discovery of admissible evidence.  The Court need not consider the merits of this argument, however, because the discovery actually requested

-11-

is the names and contact information for individuals called by CPA, irrespective of whether those individuals were account holders.  As opposed to the relevance of the discovery requested, the vast majority of CPA's argument focuses on its assertion that Mr. Peters' claims are moot.

CPA relies on a number of cases which stand for proposition that once the class representative's claims are determined to be moot or otherwise dismissed, discovery is improper. See, e.g., Gawry v. Countrywide Home Loans, Inc., 395 Fed. Appx. 152, 160 (6th Cir. 2010)("under our precedent, because the named plaintiffs' claims were moot prior to moving for class certification, and no exception to the mootness doctrine applies to this case, the district court was 'required' to dismiss this action"); In re Mortgagors of Temple-Inland Mortgage Corp., 2001 WL 177181, at *1 (E.D. Pa. Jan 24, 2001)(denying request to continue without class representative when the named class representatives were dismissed from the action prior to class certification and subject matter jurisdiction had not been established); Giannopoulos v. Iberia Lineas Aereas de España, S.A., 2014 WL 2219143, at *1 (N.D. Ill. May 29, 2014)(denying motion to re-open discovery and granting motion to dismiss for lack of jurisdiction where the named plaintiffs did not have live claims due to Court rulings and settlement).  The cases relied upon by CPA are distinguishable from the instant case, however, based upon the fact that this Court has yet to rule on the motion to dismiss.

Here, CPA is asking this Court to proceed as though the motion to dismiss has been granted, and that the motion to compel is, in essence, a request to proceed with discovery absent a class representative.  CPA does not set forth any legal basis which would allow the Court to proceed in such a fashion, and, as noted previously, this Court will not endeavor to predict what

-12-

the ruling of the District Judge might be.  Because the Court has not dismissed Mr. Peters' claims on the grounds of mootness or otherwise, there is no jurisdictional ban on allowing the requested discovery to proceed at this stage of the litigation.  Further, the Court finds that the discovery sought is not privileged and that it is relevant given the definition of the class set forth in the complaint.  Based on the foregoing, the motion to compel will be granted (Doc. 37), and CPA will be directed to provide the requested discovery to Mr. Peters within fourteen days.

### III. Conclusion

For the reasons set forth above, CPA's cross-motion to stay discovery (Doc. 40) is denied.  Mr. Peters' motion to compel discovery is granted (Doc. 37).  CPA shall provide the requested discovery to Mr. Peters within fourteen days.

### IV. Motion to Reconsider

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp  
United States Magistrate Judge