**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL R. PETERS,** | : | |
| | : | **Case No. 2:13-CV-0767** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Kemp** |
| **CREDIT PROTECTION ASSOCIATION** | : | |
| **LP,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter comes before the Court on the motion of Defendant Credit Protection Association L.P. ("CPA") to enter judgment and dismiss this case as moot. (Doc. 36). In addition, Plaintiff Michael Peter's related Motion to Strike Defendant's Offer of Judgment is before this Court, (Doc. 41), as well as Defendant's related Motion for Reconsideration. (Doc. 48). Finally, this Court will consider Defendant's Motion to Stay Litigation pending the United States Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*. (Doc. 52).

For the reasons stated below, Defendant's Motion to Dismiss for Lack of Jurisdiction is **DENIED**, (Doc. 36); Plaintiff's Motion to Strike Defendant's Offer of Judgment is **GRANTED**, (Doc. 41); Defendant's Motion for Reconsideration is **DENIED**, (Doc. 48); and, Defendant's Motion to Stay is **DENIED**. (Doc. 52).

## I.      BACKGROUND

On August 1, 2013, Michael Peters filed a complaint asserting class action claims against CPA pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, and the Federal Communication Commission ("FCC") rules promulgated under that Act, 47 C.F.R. §

1

64.1200. Peters alleges that CPA, a debt collector, violated the TCPA by making artificial voice or prerecorded voice calls to him and others similarly situated without obtaining prior express consent. In his complaint, Peters defines the putative class as all persons whose cellular telephones having an Ohio area code were called by CPA using an automated telephone dialing system ("ATDS"), artificial voice and/or prerecorded voice without that person's consent during a time period commencing four years prior to the filing of the class action complaint.

Based on these allegations, Peters asserts two claims: (1) CPA violated the TCPA, entitling Peters and the putative class to statutory damages of $500 per unlawful call under 47 U.S.C. § 227(b)(3); and (2) CPA's violations were knowing and willful, entitling Peters and the putative class to statutory damages of $1,500 for each such willful or knowing violation. Finally, the complaint demands the following relief: (1) certification and maintenance of the putative class pursuant to Rule 23, with Peters designated as the representative of the class; (2) injunctive relief under 47 U.S.C. § 227(b)(3); (3) a declaration that the Defendant's alleged conduct constituted unlawful violations of the TCPA and its rules; and (4) statutory damages under 47 U.S.C. § 227(b)(3) in the amount of $1,500 for each call Defendant made to Peters and the putative class in violation of the TCPA and/or its rules.

On December 4, 2013, this Court entered a preliminary pretrial order setting a deadline of June 15, 2014 for Peters to file any motion for class certification. On December 23, 2013, Peters submitted written discovery seeking to obtain information about the number of potential class members who were located by skip-trace methods and called by an autodialer. A number of discovery disputes ensued. At a March 25, 2014 status conference before the Magistrate Judge, the parties discussed settlement of class claims. At the conference, the Magistrate Judge noted that Defendant had agreed to provide some discovery, and that, once provided, the Plaintiff

would be given time to evaluate whether other discovery issues still needed to be addressed before Plaintiff could formulate a settlement demand for the class claims. Accordingly, the Court, with parties' agreement, extended the cutoff date for class-related discovery to June 15, 2014.

On May 1, 2014, the Magistrate Judge convened another status conference. Although Defendant had yet to produce the information necessary to formulate a class demand, it promised the production of such information. Accordingly, the Magistrate Judge ordered all case deadlines extended by thirty days, and ordered Defendant to produce the requested information regarding the class by May 8, 2014.

On May 8, 2014, CPA's attorneys disclosed to Peters via email that the potential class consisted of 10,256 people whose numbers CPA received from a source other than the original creditor. The total number of calls made to those cellphones amounted to 164,178. On June 2, 2014, the Magistrate Judge presided over another status conference. The Court vacated all case deadlines, and ordered that, by June 16, 2014 or sooner, the Defendant provide Plaintiff with a verified statement attesting to the accuracy of the information it produced previously regarding the putative class. The Magistrate Judge then ordered the Plaintiff to make a settlement demand within two weeks after the receipt of such information. Finally, the Court ordered that "the parties shall make a good faith effort to reach a resolution, and shall contact the Court if they believe that a Court-sponsored mediation conference [ ] would be productive, or if they reach an impasse and want to have a case schedule re-imposed." (Doc. 33).

In a July 14, 2014 letter to Plaintiff, Defendant stated that it would not agree to a class settlement, and made the following offer of judgment to Peters, individually, pursuant to Federal Rule of Civil Procedure Rule 68:

> (1) To allow judgment entered against it individually in a lump sum of $30,000 plus costs (to be agreed upon between the parties and if no agreement can be had, to be determined by the Court), and (2) entry of an order permanently enjoining CPA from using an ATDS, artificial voice, and/or a prerecorded voice to make non-emergency debt collection calls to the plaintiff's numbers assigned to cellular telephone services where plaintiff has not previously given CPA express consent to use an ATDS, an artificial voice, and/or prerecorded voice to make the calls.

Peters rejected the individual offer on July 23, 2014. Since that date, no new case management deadlines have been instituted in this case.

On September 5, 2014, Defendant filed a Motion for Entry of Judgment and to Dismiss as Moot. (Doc. 36). In response, on September 30, 2014, Plaintiff filed a Motion to Strike Defendant's Offer of Judgment. (Doc. 41). Both matters have been fully briefed and are ripe for review.

Also on September 5, 2014, Plaintiff filed a motion to compel discovery, seeking information relating to the putative class. Then, on September 26, 2014, Defendant responded to Plaintiff's motion to compel, and cross-motioned to stay discovery pending this Court's decision in its Motion for Entry of Judgment and to Dismiss. (Doc. 40). Defendant argued that since the case had been mooted by its Rule 68 offer, and Plaintiff's requests were unnecessary, Plaintiff was not entitled to the discovery requested. On November 26, 2011, the Magistrate Judge denied Defendant's cross-motion to stay discovery, reasoning that since the "stay does not raise an issue such as immunity from suit, nor is it patent that the case lacks merit . . . a stay is unwarranted . . . ." (Doc. 47, at 7). The Magistrate Judge also granted Plaintiff's motion to compel, concluding that since the requested discovery was relevant, and this Court had yet to dismiss the case, there was no jurisdictional ban on allowing the discovery request to proceed. (*Id.* at 13). On December 10, 2014, Defendant objected to the Magistrate Judge's November 26, 2014 Opinion & Order,

and requested reconsideration of the same. (Doc. 48). That matter has similarly been fully briefed as well.

## II.     Motion to Dismiss

### A.  Standard

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013) (citations omitted). If follows that "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* (citations omitted). The exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, and, thus, mootness is a jurisdictional question. *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)). A federal district court's basis for subject matter jurisdiction over a dispute may be challenged by filing a motion under Federal Rules of Civil Procedure 12(b)(1). *See Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). The "heavy burden of demonstrating mootness" lies with the party claiming that the case is moot. *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530–31 (6th Cir. 2001).

### B.  Analysis

CPA argues that since its Federal Rule of Civil Procedure 68 offer of judgment provided Plaintiff with everything he possibly could win individually, the offer mooted his individual claims. Rule 68 provides:

> a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.... If the [offer is refused, and] judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

In addition, CPA contends that because the offer rendered moot Peters' claims, the claims of the uncertified class should be found moot, as well. Accordingly, Defendant urges this Court to dismiss this case in its entirety for lack of jurisdiction.

Plaintiff responds that dismissal for lack of jurisdiction is inappropriate as a matter of law for two reasons. First, Peters demanded declaratory relief, but he was not offered it in Defendant's Rule 68 offer of judgment, and thus his claims are not mooted because he was not offered everything he sought. Second, Peters contends that this Court remains bound by its holding in *Stewart v. Cheek & Zeehandelar LLP* that defendants may not put class actions to an end before any class certification motions have been filed merely by tendering Rule 68 offers of judgment that satisfy the putative class representative's individual claims, so long as the Plaintiff is not dilatory in filing. 252 F.R.D. 384 (S.D. Ohio 2008) (Marbley, J).

Circuits are split regarding whether an unaccepted Rule 68 offer of judgment that fully satisfies a plaintiff's claims is sufficient to render the claim moot because the party no longer retains a personal stake in the outcome of the litigation. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529, n. 4, 185 L. Ed. 2d 636 (2013) (not resolving the split because it assumed, without deciding, that plaintiff voluntarily conceded its claims were mooted by the Rule 68 offer). Nonetheless, the Sixth Circuit has decided that in the face of an unaccepted offer of complete relief under Rule 68, district courts may enter judgment in favor of the plaintiff because an offer of judgment that satisfies a plaintiff's entire demand moots the case. *See O'Brien v. Donnelly*, 575 F.3d 567 (6th Cir. 2009); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564,

6

567 (6th Cir. 2013) (same; following *O'Brien*). Even if this Court finds that Defendant has tendered an offer of complete relief, however, such a holding would not necessarily lead to a dismissal of the putative class's claims. This is because it remains unsettled in this Circuit whether an unaccepted Rule 68 offer of complete relief to the lead plaintiff, tendered prior to class certification, will also moot putative class claims prior to certification of the class.

In *Hrivnak*, a Federal Rule of Civil Procedure 23 class action case which arose under the Fair Debt Collection Practices Act ("FDCPA"), the defendants moved for dismissal for lack of jurisdiction after tendering a Rule 68 offer of judgment to the proposed class representative prior to class certification. The plaintiff's complaint requested class relief, statutory, compensatory and punitive damages exceeding $25, 000, attorney's fees, and injunctive and declaratory relief. 719 F.3d at 565.  The defendant made a Rule 68 offer of $7,000 and reasonable attorney's fees. *Id*. at 566. The defendants argued that the offer mooted the individual plaintiff's claims, and thus, the class claims, because it was all that the plaintiff was entitled to as a matter of law. *Id*. Plaintiff filed a motion to strike the offer of judgment. *Id*. The *Hrivnak* Court divided the inquiry before it into two steps: (1) Whether the defendants had in fact offered the class representative everything he could possibly win as an individual and, once that is found to be the case; (2) whether the individual *and* uncertified class claims must both be dismissed as moot. *Id*. at 567. The *Hrivnak* Court found that since the defendants had not "cleared the first hurdle," it did not need to reach step two in the inquiry. *Id*. In line with *Hrivnak*, this Court will address each step in turn.

## 1.  The Rule 68 Offer's Effect on the Named Plaintiff

In *Hrivnak*, the Sixth Circuit clarified that in order "[t]o moot a case or controversy between opposing parties, an offer of judgment must give the plaintiff *everything* he has asked for as an individual. . . . An offer limited to the relief the *defendant* believes is appropriate does

not suffice. The question is whether the defendant is willing to meet the plaintiff on his terms."

*Id*. The Court explained further why Rule 68 demands that the defendant must offer everything the plaintiff seeks in order to moot the plaintiff's claims:

> The point of Rule 68 is twofold: (1) to provide a process for making offers of judgment and for accepting or denying them, Fed. R. Civ. P. 68(a)–(c), and (2) to create an incentive for taking offers of judgment seriously by providing that, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). By declining the defendants' offer of judgment, Hrivnak converted the defendants' proposal into a "withdrawn" offer and exposed himself to the risk of being on the hook for costs incurred by the defendants "after the offer was made." Yet Rule 68 does not by itself tell us whether the defendants' offer moots the case; mootness occurs only when the offer is accepted or the defendant indeed offers to provide every form of individual relief the claimant seeks in the complaint.

*Id*. at 567-68. The Court held that because the defendants' Rule 68 offer did not satisfy all of the plaintiff's individual demands—but only those they believed had merit as a matter of law—it did not deprive the court of jurisdiction because a live controversy still existed in the case. *Id*. at 569 (citing *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 443–45 (6th Cir. 2006) (noting the confusion that often ensues when "standing and merits questions converge" and stating that unless a plaintiff's claim is "so insubstantial that it fails to present a federal controversy," courts should properly reach the merits and retain jurisdiction)). The Court clarified that even if each of defendants' arguments as to why plaintiff was not entitled to relief surpassing $7,000 and reasonable attorney's fees was ultimately correct as a matter of law,

> each argument goes to the *merits* of Hrivnak's claims, and the merits of those claims are not so insubstantial as to deprive the court of jurisdiction. To pick one example, the defendants may be right that the FDCPA does not authorize declaratory or injunctive relief. But neither our court nor the Supreme Court has reached that conclusion, and it is surpassingly strange to think that this court and the Supreme Court do not have jurisdiction to resolve this point of law. Plaintiffs have the right to win—and lose—cases, and we have jurisdiction to make the call. To rule on whether Hrivnak is entitled to a particular kind of relief is to decide the merits of the case. Neither Civil Rule 68 nor any other Rule or tradition requires

the district court to do that in response to a motion to dismiss for lack of subject matter jurisdiction.

*Id*. at 570.

Like in *Hrivnak*, the Defendant has not tendered Peters all of the relief he has requested because it has not provided him with declaratory relief. Defendant argues, instead, that Peters is not entitled to declaratory relief under the TCPA, but only to statutory relief up to $1,500 per violation, and injunctive relief. *See* 47 U.S.C. § 227(b)(3)[1]. Such is a merits-based argument regarding the type of relief to which Peters is entitled. Just as the *Hrivnak* Court found with regards to the FDCPA, neither the Sixth Circuit nor the Supreme Court has held that the TCPA does not permit declaratory relief. Accordingly, because the claim for declaratory relief is not so insubstantial that it fails to present a federal controversy, Defendant's Rule 68 offer did not provide Plaintiff with all the relief he requested, and thus did not deprive the court of subject matter jurisdiction.

Defendant argues additionally that Peters lacks standing to pursue declaratory relief, and thus the Rule 68 offer it tendered to Peters encompasses all of the relief he possibly could

---

[1] 47 U.S.C.A. § 227(b)(3) reads:

> (3) Private right of action: A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

recover. It is well established that "[i]n the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or 'demonstrate actual present harm or a significant possibility of future harm.'" *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) (citing *Peoples Rights Org., Inc. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998); *O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); (*Golden v. Zwickler*, 394 U.S. 103, 109–10, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969)). Defendant avers that Plaintiff alleges only past harm arising from the practices he challenges in his complaint. Further, Defendant points out that its Rule 68 offer included relief enjoining CPA from engaging in any of the alleged unlawful practices Peters alleges in the complaint, and thus that Plaintiff cannot aver that there is a possibility of future harm. Defendant concludes, therefore, that Peters lacks standing to pursue declaratory relief, and the offer of judgment offered all of the relief he can recover, which it argues meets the standard of "complete relief" mandated in *O'Brien*.

Defendant's argument pursues a new line of reasoning but to the same end—he entreats this Court to decide his merits argument regarding the availability of declaratory judgment under the facts alleged in the complaint in order to determine whether a Rule 68 offer of judgment moots all of his claims. This he cannot do. *See Hrivnak*, 719 F.3d at 570 (defendants are not permitted to "require the district court to address their other merits arguments in order to determine whether a Rule 68 offer of judgment as to *some* claims moots *all* claims"). A recent district court case within this Circuit similarly implemented the rationale in *Hrivnak* and came to an identical conclusion. *See Compressor Eng'g Corp. v. Thomas*, No. 10-10059, 2015 WL 730081, at *7 (E.D. Mich. Feb. 19, 2015). The *Thomas* Court assessed the defendant's 12(b)(1) motion seeking to moot plaintiff's TCPA claims based on defendant's unaccepted Rule 68 offer,

which did not include the injunctive relief requested in the complaint. The defendant argued that plaintiff had not shown that he would be subject again to the alleged offending activity and thus that injunctive relief was unavailable, quoting the standard for injunctive relief. *Id*. at *5. The *Thomas* Court denied defendant's motion, concluding that defendant's request to moot Plaintiff's claims based on its unaccepted Rule 68 offer, while simultaneously attempting to "have the Court then separately address and assess Plaintiff's remaining claim[,] is at odds with the Sixth Circuit's treatment of *Hrivnak*." *Id*. at * 7.

The *Hrivnak* Court clarified that "ample mechanisms exist to force the issue" of whether some of a plaintiff's claims lack merit, such as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a motion for summary judgment under Fed. R. Civ. P. 56, or a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). 719 F.3d at 570. This Court will not look to the facts alleged in the complaint and entertain a motion to dismiss for failure to state a claim for a declaratory judgment when such a motion is not before it. Further, as explained *supra*, Defendant's unaccepted Rule 68 offer has no force of law—it did not moot Plaintiff's claims because Defendant's unaccepted offer was not one of "complete relief" under *Hrivnak* and *O'Brien*, and thus this Court has declined to enter judgment pursuant to. Accordingly, it would defy logic to treat Defendant's offer of injunctive relief as having the force of law, sufficient to render it impossible for Plaintiff to sustain a declaratory judgment claim. The Court declines to follow Defendant down this circular path.

In summary, Defendant's motion to dismiss based on lack of subject matter jurisdiction is **DENIED** because Defendant's offer of judgment failed to satisfy Plaintiff's entire demand as *Hrivnak* requires.

### 2.   The Rule 68 Offers' Effect on the Putative Class Claims

Even if Defendant's Rule 68 offer did moot Plaintiff's individual claims, the class claims remain alive, and the named plaintiff, Peters, retains the ability to pursue them. This Court held in *Stewart v. Cheek & Zeehandelar, LLP*, that defendants "ought not be able to put class actions to an end merely by tendering Rule 68 offers of judgment before the putative class representatives have filed their certification motions," so long as the class representatives do not "unduly delay in bringing their certification motions." 252 F.R.D. 384, 385 (S.D. Ohio 2008) (Marbley, J). In *Stewart* this Court explained the interplay between Rule 68 and Rule 23. The purpose of Rule 68 "is to encourage settlement and avoid litigation;" in contrast, Rule 23 establishes the procedural requirements for certifying a case as a class action, one of the purposes of which is to pool the claims of those similarly injured so that it is viable to obtain relief for relatively minor legal injuries, and achieve otherwise unfeasible vindication of constitutional and statutory rights. *Id*. at 385 (citing *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980); *See e.g., Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). Accordingly, this Court put forth four separate reasons why a defendant's Rule 68 offer made before a motion for class certification does not moot class claims: (1) if it were otherwise, each side would endeavor "to beat the other to the punch" leading to an unreasonable race between plaintiffs to file a motion before completing discovery on the class, and defendant to make a settlement offer before filing; (2) "treating pre-certification settlement offers as mooting the named plaintiffs' claims would have the disastrous effect of enabling defendants 'to essentially opt-out of Rule 23,'" (3) "with Rule 23 cast aside, those who have been harmed will be forced to file individual suits to obtain redress[,]" which will likely prevent them from ever coming about due to economic infeasibility; and (4) "Rule 68 offers of judgment prior to class

12

certification pit the self interests of named plaintiffs against the interests of the class as a whole." *Id*. at 386. No controlling Sixth Circuit or Supreme Court case has yet to overturn *Stewart*, or undermine its rationale, and this Court sees no reason to part with *Stewart's* holding at this time.

In *Stewart*, this Court relied on the Third Circuit's decision in *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004), *as amended* (Oct. 22, 2004), which, at the time, was the only Circuit to have addressed whether an offer that moots a class representative's individual claims, made before any motion has been filed to certify a class, will moot the putative class claims as well. Defendant urges this Court to abandon its earlier reliance on *Weiss*, and rely instead on the Seventh Circuit's more recent decision in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-97 (7th Cir. 2011). *Damasco* declined to follow the four Circuits to have considered the issue—all of which held that a defendant could not pick off a class representative and force the dismissal of the entire class action before class certification via an unaccepted offer of complete relief—and held, instead, that the Defendants' offer, made before a motion to certify the class, mooted the case in its entirety.

This Court is not inclined to reverse its position based on *Damasco*, nor is it bound to do so. This is especially so considering all of the circuits to have considered the issue since *Stewart*, save the Seventh Circuit in *Damasco*, have held that a Rule 68 offer tendered to the named plaintiff in a putative class action does not moot a class action, even if it is made prior to the filing of a class certification motion, so long as the named plaintiff has not failed to pursue diligently class certification. *See Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 707 (11th Cir. 2014); *Pitts v. Terrible Herbst, Inc.,* 653 F.3d 1081, 1091–92 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1249–50 (10th Cir. 2011); *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 920–21 (5th Cir. 2008).

Finally, Defendant argues that the Supreme Court's recent decision in *Genesis Healthcare Corp. v. Symczyk* controls, as it rejected the "relation back" analysis on which the Third, Fifth and Ninth Circuits relied to avoid mootness under circumstances where the putative class representative moves for class certification without "undue delay." 133 S. Ct. 1523, 185 L. Ed. 2d 636. Defendant's attempt to persuade this Court that *Genesis* is binding in the instant case is unavailing.

*Genesis* was brought as a collective action pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"). The question before the Supreme Court was whether a Rule 68 offer of complete relief tendered to the plaintiff, prior to joinder of other plaintiffs, mooted the action as a whole.[2] The plaintiff contended the offer was an attempt to "pick off" the named plaintiff before the collective-active process could unfold. The Supreme Court held that "[w]hile the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and 'other employees similarly situated,' 29 U.S.C. § 216(b), the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." 133 S. Ct. at 1529, 185 L. Ed. 2d 636. It then rejected all of plaintiff's arguments which relied on cases "that arose in the context of Federal Rule of Civil Procedure 23 class actions," finding those cases "inapposite, both because Rule 23 actions are fundamentally different from collective actions under FLSA, and because these cases are, by their own terms, inapplicable to these facts." *Id*. at 1529; *see also* 1528, n. 1 (noting, without expressing an opinion on the practice of the lower courts' borrowing class action terminology to describe the process of joining co-plaintiffs under FLSA, that "there are significant differences between certification under Federal

---

[2] As explained *supra*, the Supreme Court assumed, without deciding, that the plaintiff's claims were moot.

Rule of Civil Procedure 23 and the joinder process under § 216(b)"). Later in the opinion, when distinguishing the case *Deposit Guaranty Nat. Bank v. Roper,* 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), the Court reiterated the inapplicability to the case at hand of *Roper's* dicta regarding the undesirable effects of allowing defendants to "pick off" party plaintiffs before a Rule 23 class certification ruling. *Id*. at 1532. The Supreme Court clarified, once again, that "*Roper*'s dictum was tethered to the unique significance of certification decisions in class-action proceedings. 445 U.S., at 339, 100 S.Ct. 1166. Whatever significance 'conditional certification' may have in § 216(b) proceedings, it is not tantamount to class certification under Rule 23." *Id*.

While Defendant may rightly predict that *Genesis'* rationale may one day be extended to the context of Rule 23 class certification, the Supreme Court spoke plainly that *Genesis'* holding and rationale binds only as to collective actions under FLSA, § 216(b). Defendant retorts that the Supreme Court stated that the Rule 23 cases on with the defendant relied were distinguishable "on their own terms," and not only "because Rule 23 actions are fundamentally different from collective actions under FLSA." 133 S. Ct. at 1529, 185 L. Ed. 2d 636. Even so, the Supreme Court's repeated acts of distinguishing all cases that addressed mootness in the context of Rule 23, precisely because of the "unique significance" of Rule 23, as well as the Court's failure to set forth a more universal pre-joinder or certification mootness principle, sends a clear message to this Court that it is not bound by *Genesis* in the instant case. Thus, this Court agrees with the Ninth Circuit, and other lower courts, that "the *Genesis* discussion does not apply to class actions." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 875, n. 2 (9th Cir. 2014) *cert. granted,* 135 S. Ct. 2311, 191 L. Ed. 2d 977 (U.S. May 18, 2015) (No. 14-857) (noting that "at least ten courts had expressly stated that the *Genesis* analysis does not bind courts with respect to class action claims," and that it was unaware of any courts that held otherwise). *But compare Hooks v.*

*Landmark Indus.*, No. CIV.A. H-12-0173, 2014 WL 2981229, at *5 (S.D. Tex. July 1, 2014),

*appeal docketed*, No. 14-20496 (5th Cir. July 31, 2014) (extending the rationale in *Genesis* to a

Rule 23 context).[3] Also notable is that the Supreme Court has granted certiorari in *Gomez* to

resolve the precise issue before this Court—(1) whether a case becomes moot when the plaintiff

receives an offer of complete relief on his claim; and (2) whether the answer to the first question

is any different when the plaintiff has asserted a class claim under Rule 23, but receives an offer

of complete relief before any class is certified—indicating that *Genesis* leaves the issue

unsettled. *See Campbell-Ewald Co. v. Gomez*, No. 14-857 (U.S. Jan. 16, 2015), 2015 WL

241891 (U.S.), i.

Further, Defendant makes no contention that Plaintiff has unduly delayed filing his

motion for class certification. Indeed, Plaintiff has not contravened any case management

deadline. According to the record, if any dilatory conduct is to be ascribed, it would be to the

Defendant, who delayed in providing discovery requests regarding the plaintiff class. At the time

Defendant filed the instant motion, the parties, according the Magistrate Judge's order, were

supposed to be engaged in class settlement negotiations.

Thus, this Court holds that Defendant's unaccepted Rule 68 offer made before Plaintiff

filed a motion for class certification, even if it had offered complete relief, did not moot the class

action claims. Accordingly, Defendant's Motion to Dismiss for Lack of Jurisdiction is **DENIED**.

---

[3] The remaining cases on which Defendant relies do not hold that the rationale in *Genesis* applies
directly to the issue of whether a Rule 68 offer tendered to the lead class-action plaintiff, pre-
motion for certification, moots class claims. First, the Florida district court case to which
Defendant cites was overturned. *See Keim v. ADF Midatlantic, LLC*, 586 F. App'x 573, 574
(11th Cir. 2014). Second, in *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1016 (7th Cir.
2014), the court's general statement that the "governing principles" in that case "come from the
Supreme Court's decisions in *Genesis*[,] ...[,]*Geraghty*, ...[,] and *Roper*[,]" was not a concession
that that the mootness principles outlined in *Genesis* are binding in a Rule 23 context; neither did
that case hold that according to *Genesis* the class-claims were mooted.

(Doc. 36). It follows, that Plaintiff's Motion to Strike Defendant's Offer of Judgment is **GRANTED**. (Doc. 41). In addition, pursuant to this Court's denial of Defendant's Motion to Dismiss, this Court's **DENIES** Defendant's Motion for Reconsideration. (Doc. 48). All of Defendant's arguments in its motion for reconsideration pertain to the unresolved matter of this case's justiciability. That issue has now been resolved, and this case can proceed unhindered. This Court directs the Magistrate Judge to institute a revised case management schedule in this case that includes a date by which the Plaintiff must file a motion for class certification.

### III. Motion to Stay

Defendant avers that the issues before this Court in Defendant's Motion to Dismiss are the exact issues currently pending before the Supreme Court in *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 875, n. 2 (9th Cir. 2014) *cert. granted,* 135 S. Ct. 2311, 191 L. Ed. 2d 977 (U.S. May 18, 2015) (No. 14-857). As explained *supra*, the Supreme Court granted certiorari in *Gomez* to address the following issues in the similar context of a putative class action brought under the TCPA:

1. Whether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim.

2. Whether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified.

*Pet. For Writ of Cert., at i, Campbell-Ewald Co. v. Gomez*, No. 14-857 (U.S. Jan. 16, 2015) 2015 WL 241891 (U.S.). Defendant argues that the Supreme Court's decision in the *Gomez* appeal could determine that Plaintiff's claims and/or those of the putative class are no longer justiciable. Accordingly, Defendant requests a stay of these proceedings pending the Supreme Court's decision on the above issues in *Gomez*.

**A.  Standard**

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently."  *Ferrell v. Wyeth–Ayerst Laboratories, Inc.*, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936).  A court, however, "'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay.'"  *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Ct. .*, 565 F.2d 393, 396 (6th Cir. 1977)).  The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396. The Supreme Court in *Landis* set forth the movant's burden as follows:

> The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

299 U.S. at 255, 57 S.Ct. at 166. "The most important factor is the balance of the hardships, but '[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources.'" *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627-28 (6th Cir. 2014) (citing *Int'l Bhd. of Elec. Workers v. AT & T Network Sys.,* No. 88–3895, 879 F.2d 864, 1989 WL 78212, at *8 (6th Cir. Jul. 17, 1989) (internal citations omitted)).

**B.  Analysis**

First, this Court determined *supra* that Defendant did not tender an offer of complete relief, and thus that the offer did not moot Plaintiff's individual claims. In contrast, the *Gomez* petition for certiorari presumes that the Rule 68 offer of judgment tendered to the plaintiff

included all the individual relief which the plaintiff sought. Thus, the decision in *Gomez* likely will not be controlling in the present case.

Assuming, however, that the Supreme Court ventures into the terrain of what constitutes "complete relief" in the context of a Rule 68 offer that allegedly moots the lead plaintiff's individual claims, and the *Gomez* decision speaks clearly to the question of whether Defendant tendered an offer of complete relief in the instant case, this Court agrees that the issues before the Supreme Court in *Gomez* are the same as those in this case. Defendant argues, accordingly, that a stay is necessary and appropriate because it will prevent the parties from spending time and resources litigating this manner only for the Supreme Court to decide that Plaintiff and the putative class lacked standing. Defendant contends that a stay will not prejudice either party, that a stay is in the interest of judicial economy, and that a stay would prevent undue hardship to it in litigating a case unnecessarily.

Plaintiff responds that even assuming "the case at bar were on all fours with *Gomez*" a stay would still be inappropriate because Defendant has not carried its burden under *Landis*. Specifically, Plaintiff urges this Court to find that Defendant's generalizations regarding prejudice, hardship and judicial economy are not sufficient under *Landis*. Plaintiff relies on *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, in which a defendant sought a stay in a private TCPA action against it, pending a Supreme Court ruling on whether the federal court had jurisdiction over private TCPA cases. No. 1:11-CV-01074, 2011 WL 4005396, at *2 (N.D. Ohio Sept. 8, 2011). The district court denied the stay, noting that although the Supreme Court decision could have a dispositive effect on the court's jurisdiction, the case likely would be refiled in state court anyway if the district court lost jurisdiction. *Id*. Further, the court determined that the plaintiffs indeed could be prejudiced by the delay because "[p]hysical

evidence could be lost, and the memories of those with pertinent information will degrade while the parties await a Supreme Court opinion." *Id*. Lastly, the district court found dispositive that under unchallenged Sixth Circuit precedent, the court still had jurisdiction. *Id*.

This Court adheres to the rationale in *Beachwood*. While in this case the issue pending before the Supreme Court would moot the case entirely, whereas in *Beachwood* the case theoretically could have been refiled in state court should the district court have lost jurisdiction, this distinction is insignificant for a few reasons. First, an adverse Supreme Court ruling in *Beachwood* still would have meant that any federal litigation—save some discovery which theoretically could have carried over into any state litigation—would have been for naught. The same would be true here. In this case, discovery is ongoing and has largely been completed. Thus, this case is in a similar procedural posture to *Beachwood*. Second, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Citizens Banking Corp. v. Citizens First Bancorp, Inc.*, No. 07-10985, 2007 WL 4239237, at *7 (E.D. Mich. Dec. 3, 2007) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005)). Like the Court reasoned in *Beachwood*, however, prejudice could befall Plaintiff if this case were stayed, as evidence may be lost, and the memories of those with pertinent information may be lost as well. The Plaintiff asserts that this is especially true in the instant case because the putative class includes persons who were allegedly subjected to automated calls as early as August 2009. Finally, like in *Beachwood*, the Court currently retains jurisdiction over this case, as explained *supra*. The law of the majority of circuits to have considered the issue supports this Court's holding that it retains jurisdiction.

Because the Supreme Court's decision in *Gomez* is unlikely to affect this Court's jurisdiction over this case, and because Plaintiff "has a right to a determination of its rights ...

without undue delay," *Ohio Envtl. Council*, 565 F.3d at 396, Defendant's motion for a stay is hereby **DENIED**.

## IV.    CONCLUSION

In summary, Defendant's Motion to Dismiss for Lack of Jurisdiction is **DENIED**, (Doc. 36); Plaintiff's Motion to Strike Defendant's Offer of Judgment is **GRANTED**, (Doc. 41); Defendant's Motion for Reconsideration is **DENIED**, (Doc. 48); and, Defendant's Motion to Stay is **DENIED**. (Doc. 52).

**IT IS SO ORDERED.**

                               **___/s/ Algenon L. Marbley_____**
                               **ALGENON L. MARBLEY**
                               **UNITED STATES DISTRICT JUDGE**

**DATE: September 8, 2015**